**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone:  (714) 966-1000
Facsimile:  (714) 966-1002

Attorneys for Chapter 7 Trustee,
David M. Goodrich

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SOCALDEAL, INC.,<br><br>Debtor. | Case No. 2:18-bk-12119-RK<br><br>Chapter 7 |
| DAVID M. GOODRICH, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of SoCalDeal, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>JACK SHEMTOV,<br><br>Defendant. | Adv. No. 2:19-ap<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547;**<br>**(2) RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. § 550;**<br>**(3) PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551;**<br>**(4) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d); AND**<br>**(5) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542** |

**TO DEFENDANT AND HIS COUNSEL:**

David M. Goodrich ("Plaintiff") the duly appointed chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of SoCalDeal, Inc., (the "Debtor"), hereby files this adversary complaint for: (1) Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547; (2) Recovery

of Preferential Transfers Pursuant to 11 U.S.C. § 550; (3) Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551; (4) Disallowance of Claims Pursuant to 11 U.S.C. § 502(d); and (5) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 ("Complaint") against Defendant, Jack Shemtov ("Defendant"), and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 502, 510, 542, 547, 550, and 551. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), and (O). Regardless of whether this is a core proceeding consent is hereby given to the entry of final orders and judgment by the Court. Defendant is hereby notified that Federal Rules of Bankruptcy Procedure 7008 requires Defendant to plead whether consent is given to the entry of final orders and judgment by the Court.

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the case entitled SoCalDeal, Inc., a chapter 7 case bearing case number 2:18-bk-12119-RK currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Robert Kwan presiding.

## PARTIES AND CASE BACKGROUND

4. The Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code on February 27, 2018 (the "Petition Date") and shortly thereafter David M. Goodrich was appointed chapter 7 trustee.

5. Plaintiff is informed and believes and based thereon alleges that Debtor was a company with its principal place of business located at 10758 Washington Blvd., Culver City, CA 90232.

6. Plaintiff is informed and believes and based thereon alleges that Debtor was doing business under the name of Todatech.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 6 as though fully set forth herein.

8. Plaintiff is informed and believes and based thereon alleges that the Debtor was in the business of computer and electronic sales.

9. During the ninety days prior to the Petition Date, the Debtor made payments to or for the benefit of Defendant (collectively, the "Transfers"). The aggregate amount of the Transfers is not less than $71,460.72.

10. Plaintiff is informed and believes and based thereon alleges that the Defendant, Jack Shemtov is an individual who resides in Los Angeles, California. Plaintiff is further informed and believes that Defendant was an insider of the Debtor.

11. Plaintiff is informed and believes and based thereon alleges that, although Defendant has not filed a proof of claim, Defendant may assert a claim against the Estate.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

12. Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth herein.

13. Plaintiff is informed and believes and based thereon alleges that within the ninety days prior to the Petition Date, the Debtor made Payments to Defendant in the total amount of no less than $71,460.72.

14. Plaintiff is informed and believes and based thereon alleges that each of the Transfers to Defendant was a transfer of property of the Debtor.

15. Plaintiff is informed and believes and based thereon alleges that each of the Transfers to Defendant was made to or for the benefit of Defendant.

16. Plaintiff is informed and believes and based thereon alleges that Defendant was a creditor of the Debtor (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor of the Debtor.

17. Plaintiff is informed and believes and based thereon alleges that each of the Transfers was made on account of an antecedent debt owed by the Debtor to Defendant before the Transfer was made.

18. Plaintiff is informed and believes and based thereon alleges that each of the Transfers was made while the Debtor was insolvent. The Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19. Plaintiff is informed and believes and based thereon alleges that each of the Transfers enabled Defendant to receive more than Defendant would have received under Chapter 7 the Bankruptcy Code if the Transfers had not been made and Defendant received payment on behalf of such debt to the extent provided under the Code.

20. Plaintiff is informed and believes and based thereon alleges that as of the date hereof, Defendant has not returned any of the Transfers to Plaintiff.

21. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property Pursuant to 11 U.S.C. § 550)

22. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, Plaintiff may recover for the benefit of the Estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

24. Plaintiff is informed and believes and thereon alleges that Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

25. Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

## THIRD CLAIM FOR RELIEF

### (Preserve Avoided Transfers Pursuant to 11 U.S.C. § 551)

26. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

27. Plaintiff preserves any and all avoided transfers, including the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## FOURTH CLAIM FOR RELIEF

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

28. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is informed and believes and based thereon alleges that Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

30. To the extent that Defendant files a claim against the Estate, any such claims of Defendant against the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the value of the Transfers, plus interest thereon and costs, pursuant to 11 U.S.C. § 502(d).

## FIFTH CLAIM FOR RELIEF

**(For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)**

31. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is informed and believes and based thereon alleges that on the Petition Date, the Debtor had a legal and/or equitable interest in the funds subject to the Transfers and that the funds subject to the Transfers were property of the Estate that Plaintiff has standing to administer for the benefit of the Debtor's creditors.

33. Plaintiff is informed and believes and based thereon alleges that the funds subject to the Transfers are presently under the possession and control of Defendant.

34. Pursuant to 11 U.S.C. § 542(a), Plaintiff seeks an order compelling the turnover of the funds subject to the Transfers or their value from Defendant for the benefit of the Estate so that they can be administered for the benefit of the Debtor's creditors.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## RESERVATION OF RIGHTS

35. During the course of this proceeding, Plaintiff may discover (through discovery or otherwise) additional transfers made to Defendant during the relevant preference period or post-petition periods. It is Plaintiff's intention to avoid and recover all transfers made by Defendant of an interest in the Debtor's property of the Estate and to or for the benefit of Defendant or any other transferee.

36. Plaintiff reserves his right to amend this original Complaint, to include, among other things: (i) further information regarding the funds subject to the Transfers; (ii) additional transfers; (iii) modifications of and revisions to Defendant's name; (iv) additional defendants; and (v) additional causes of action, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

37. Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

For a determination that each of the Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547.

### On the Second Claim for Relief

That Plaintiff is entitled to recover the Transfers in the total amount of no less than $71,460.72 from Defendant, under 11 U.S.C. § 550.

### On the Third Claim for Relief

For preservation of the funds subject to the Transfers for the benefit of the Estate under 11 U.S.C. § 551.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Fourth Claim for Relief

For determination that any claims asserted by Defendant against the Debtor be disallowed until and unless Defendant pays to Plaintiff an amount equal to the value of the Transfers, plus interest thereon and costs, pursuant to 11 U.S.C. § 502(d)

### On the Fifth Claim for Relief

For turnover of the funds subject to the Transfers to Plaintiff for the benefit of the Estate pursuant to 11 U.S.C. § 542.

### On All Claims for Relief

For such other and further relief as the Court deems just and proper.

Dated:  August 21, 2019                     WEILAND GOLDEN GOODRICH LLP


By:  */s/ Faye C. Rasch*
     Faye C. Rasch
     Attorneys for Chapter 7 Trustee
     David M. Goodrich

1226816.1                                      7                                      COMPLAINT

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DAVID M. GOODRICH, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of SoCalDeal, Inc. | **DEFENDANTS**<br>Jack Shemtov |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN GOODRICH LLP<br>650 Town Center Drive, Suite 600<br>Costa Mesa, CA 92626 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>x Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor x Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547; Recovery of Personal Property Pursuant to 11 U.S.C. § 550; Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551, Disallowance of Claims Pursuant to 11 U.S.C. § 502(d); Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>SoCalDeal, Inc. | BANKRUPTCY CASE NO.<br>2:18-bk-12119-RK | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Robert Kwan | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Faye C. Rasch | | | |
| DATE<br>08/21/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Faye C. Rasch | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.